ERWIN· DAVIS, APPELLANT, *v.* LELAND STANFORD,
RESPONDENT.

*Order for the examination of a party before trial — when one partner, seeking to compel
a settlement of partnership accounts, may examine a defendant co-partner—the sworn
denial by the party sought to be examined, of any information as to the subject of the
examination, does not constitute a ground for denying the application —Code of Civil
Procedure, sec. 872.*

APPEAL from an order vacating an order for the examination of
the defendant before trial.

The action had been commenced by the service of a summons,
and the motion for the order was made before any complaint had
been served.

The court at General Term said : " The action has been brought
to obtain a settlement of copartnership accounts, and to recover a
balance which it has been stated is owing to the plaintiff out of
the proceeds of the joint business. He is stated in his affidavit
to have become the owner of a sixth interest in the business and that
its object was the construction of a line of railway with numerous
branches and ancillary works, and the scheme which is now known
as the Central Pacific Railway, and for the financiering and develop-
ment of such scheme. The affidavit upon which the order was
made complies with all the formal requirements of section 872 of
the Code of Civil Procedure; and it also contains the statement
that the plaintiff had demanded from the defendant an accounting
of the affairs, business and profits of the partnership and the pay-
ment to him of his share, and that the defendant had refused to
comply with the demand. To show that the examination of the
defendant as a witness was material and necessary to enable
the plaintiff to frame his complaint and for the prosecution of his
action, it was further stated in the affidavit that he was unable to
frame his complaint without knowing who were and have, since the
formation of the partnership, been the parties interested in these
enterprises, and that he himself does not possess the knowledge or
information which is necessary intelligibly to state these matters.
It was further stated that they were within the personal knowledge
of the defendant, and that he was in the possession and control of

the books of account and records of the business and its transac-
tions, and the profits resulting from it; that they were not known to
himself, and that it was material and necessary for him to examine
the defendant as a witness before trial to acquire this knowledge
from him, and in that manner to secure the ability properly to frame
his complaint in the action. From these statements and others
elaborating them, as they are contained in the affidavit, a case was
made entitling the plaintiff to an order for the examination of the
defendant. The plaintiff had not participated in the business or any
part of its active management, but that, according to the affidavit, had
been confided more especially to the defendant and other persons
with whom he was believed to have co-operated. And while the
plaintiff may be entitled to his share of the profits of the adven-
tures of the business, he was not in a condition in which he could
legally state his case entitling himself to any relief of that descrip-
tion. For the information requisite for that purpose he was
dependent wholly upon the defendant, as the case was stated in his
affidavit. And without the information there is reason to believe
the defendant could supply, the action could not be placed in the
legal form adapted to the relief which the plaintiff might be enti-
tled to upon the facts as he may ultimately be able to establish
them in the suit. It has been further stated in the affidavit that
the examination of the defendant is desired for the mere purpose
of acquiring this information and to enable him to proceed with
the prosecution of his action. In these respects the affidavit com-
plied with all that has been required to entitle the plaintiff to the
examination of the defendant under this section of the Code. And
when the case has been so presented, section 873 has declared that
the order for the examination must be made, as it was by the judge.
to whom the application was made.

"The defendant has denied in his affidavit the partnership or
adventure relied upon by the plaintiff, and his ability to furnish the
information required by the examination defined in the order. But
when a case for the defendant's examination may be legally made
out, the Code has not provided that it shall be liable to be defeated
by the denial of the party to be examined, of his ability to supply
the information. The mode in which his ability is to be tested and
determined is that of the oral examination prescribed by the pro-

visions of the Code.  When a proper case has been made out the party making it and entitled to take the examination of the defendant has the legal right to an opportunity to obtain the information in this manner, and he cannot be deprived of that right by the sworn affidavit of the person to be examined that he would be unable to supply the information.  What the law has provided for is his oral examination and his deposition taken in that manner. The party seeking that relief is not obliged to accept his affidavit denying his ability to supply the information in place of his deposition."

*Joseph H. Choate* and *C. B. Alexander*, for the appellant.

*F. N. Bangs*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Order reversed, motion denied, with ten dollars costs and disbursements.

---

THE REPUBLIC OF MEXICO, RESPONDENT, *v.* JOHN H. OCKERSHAUSEN, EXECUTOR, ETC., OF GEORGE G. TAYLOR, DECEASED, APPELLANT.

*Construction of an agreement for arbitration — right to recover the amount named in a bond as a penalty — 2 R. S. (Edm. ed.), 392, 393, secs. 5–11 — Code of Civil Procedure, secs. 1915, 3347, sub. 11.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was commenced by the Republic of Mexico, a sovereign State, to recover the amount of a certain joint and several bond or obligation made and delivered to the plaintiff by the American and Mexican Railroad and Telegraph Company, as principal, and by several sureties, of whom the defendant's testator George G. Taylor was one.

The court at General Term, after adopting the construction given by the trial court to the provisions of the contract and affirming the decision by it made, said: "Several other questions are raised and argued upon the appeal which do not appear to have been presented and considered in the court below.

"It is claimed by the counsel for the appellant that this court is